In re SUBURBAN LAWN AND TRACTOR, Debtor.

Leon STEINBERG, Trustee, Plaintiff,

v.

SUBURBAN LAWN AND TRACTOR; John Deere Co.; and East Tennessee Farm Equipment, Inc., Defendants.

JOHN DEERE CO., Counter-Plaintiff and Cross-Plaintiff,

v.

Leon STEINBERG, Trustee, Counter-Defendant,

East Tennessee Farm Equipment, Inc., Cross-Defendant.

Bankruptcy No. 3–82–01618.
Adv. No. 3–83–0434.

United States Bankruptcy Court E.D. Tennessee.

March 19, 1984.

Leon Steinberg, Knoxville, trustee pro se.

Stephen C. Zachary, Knoxville, Tenn., for defendant Suburban Lawn and Tractor.

Kennerly, Montgomery, Howard & Finley, Dennis B. Ragsdale, Knoxville, Tenn., for defendant John Deere Co.

Higgins, Biddle & Chester, Fredric J. Chester, Jr., Athens, Tenn., for defendant East Tenn. Farm Equipment, Inc.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

The question before the court involves the ownership of a "refund" in the sum of $4,182.25 paid into the registry of this court by John Deere Company. The two contestants claiming the funds are Leon Steinberg, trustee of the estate of Suburban Lawn and Tractor,[1] and East Tennes-

---

1. Although the statement of financial affairs re-

flects that the debtor is a corporation, its corpo-

see Farm Equipment, Inc. The trustee contends that the funds are property of the debtor's estate, 11 U.S.C.A. § 541 (1979), which should be turned over to him, 11 U.S.C.A. § 542(b) (1979). East Tennessee Farm Equipment, Inc. asserts that it is entitled to the funds pursuant to an assignment by James T. Richards, the president of Suburban Lawn & Tractor, Inc.

## I

On March 21, 1981, James T. Richards, as a sole proprietor, commenced operation of a John Deere consumer products dealership under the trade name Suburban Lawn and Tractor. When Richards renewed his dealership agreement with John Deere on September 29, 1981, he indicated that Suburban Lawn and Tractor was a proprietorship.

During the fall of 1981, Richards' accountant advised him that he should incorporate Suburban Lawn and Tractor. Application to the Tennessee Secretary of State was made on January 29, 1982, and a certificate of incorporation was issued to Suburban Lawn and Tractor, Inc. on April 15, 1982. The certificate was recorded in the Knox County Register's office on May 17, 1982. Apparently, however, no stock certificates or documents purporting to transfer the proprietorship assets to Suburban Lawn and Tractor, Inc. were prepared. Further, contrary to the explicit terms of the dealership agreement, no notice of incorporation was given to John Deere by Richards until the assets of the Suburban dealership were sold on July 27, 1982.

When the Suburban dealership assets were sold, John Deere purchased the inventory items it had manufactured and resold them to a third party. The sale of Suburban's assets included two hay balers previously purchased from East Tennessee Farm Equipment, Inc. by Richards, in his own name, for the purpose of resale by Suburban.[2] These two hay balers were sold to another John Deere dealership.

On September 13, 1982, John Deere forwarded to Richards its check in the amount of $18,000.00 jointly payable to "Suburban Lawn & Tractor & 1st Tennessee Bank of Knoxville." A letter accompanying the check recites in part: "The account balance at this time is $19,452.74. We are sending $18,000 and will send any additional credit as soon as pending charges and credits to your account are finalized." The $4,812.25 at issue herein represents the Suburban account balance with John Deere as of on or about October 5, 1983, when an order was entered permitting deposit of the disputed funds in the registry of the court.[3]

Richards and Suburban Lawn and Tractor, Inc.[4] concurrently filed separate chapter 7 bankruptcy petitions on October 22, 1982. Richards' individual petition filed in this court was dismissed on February 14, 1983.[5] Thereafter, East Tennessee Farm Equipment, Inc. sued Richards for the proceeds of the two hay balers which were transferred to another John Deere dealer. In addition to paying $5,000.00, Richards executed an assignment dated May 12, 1983, to East Tennessee Farm Equipment, Inc. of monies, if any, not exceeding $6,000.00, due him from the Suburban dealer reserve account with John Deere.

## II

On May 10, 1983, two days previous to the Richards assignment to East Tennessee Farm Equipment, Inc., Steinberg filed a complaint seeking a turnover of the dealer reserve account funds. He contends that

---

2. The date Richards purchased the two hay balers is not disclosed in the record before the court.

3. Henry M. Cook, a division credit manager for John Deere, testified on January 5, 1984, that

rate status is not reflected in the caption of the petition, which recites "In re Suburban Lawn & Tractor."

the Suburban dealership reserve account is still open and that the balance in the account is approximately $1,100.00. The funds still in the custody of John Deere are not presently at issue herein.

4. See note 1, *supra*.

5. See Case No. 3–82–01619.

these funds are property of the corporate debtor's estate. In contradistinction, East Tennessee Farm Equipment contends that Richards is the owner of the funds and that it is entitled to the monies by virtue of its assignment from Richards.

At trial Richards testified that he incorporated Suburban Lawn and Tractor in January 1982. However, de jure corporate existence could not have preceded April 15, 1982, when the Tennessee Secretary of State issued the certificate of incorporation.[6] Although Richards had mentioned the possibility of incorporating Suburban to one or more John Deere officials, he did not notify John Deere of this change in status.[7]

Further, Richards continued to operate Suburban as a sole proprietorship. An amended financing statement filed on May 14, 1982, giving notice of Suburban's change of address, reflects that the secured debtor is "James T. Richards d/b/a Suburban Lawn & Tractor." John Deere is identified as the secured party in this amended financing statement. Also, subsequent to incorporation, Richards continued using the same checking account used by Suburban as a sole proprietorship. Indeed, checks against this account written to John Deere in June and July 1982 neither reflect a corporate title nor signature in a corporate capacity. Sandra Shell, employed by Suburban from March 1982 until the cessation of its business, is the signatory of these checks to John Deere.[8] She testified that Richards had not discussed the formation of a corporation with her; that she had no knowledge regarding the incorporation of Suburban; and that she had not been instructed to sign checks as a corporate agent or officer. Moreover, the John Deere check for $18,000.00 issued to "Suburban Lawn & Tractor" and First Ten-

nessee Bank of Knoxville, dated September 13, 1982, reflects a stamped endorsement "FOR DEPOSIT SUBURBAN LAWN & TRACTOR."

John Robert Brown, a district manager for John Deere responsible for dealing with Suburban, testified that Richards told him on one occasion that he was considering incorporation. Brown further testified that the only other conversation between them about the Suburban incorporation occurred when Suburban ceased doing business. According to Brown, Richards told him that no stock had ever been issued for Suburban Lawn and Tractor, Inc.; that the corporate charter had never been used; and that there were no corporate liabilities.

The evidence overwhelmingly establishes a complete disregard of Suburban's corporate status. Clearly, Richards continued to operate Suburban as a sole proprietorship after the formation of Suburban Lawn and Tractor, Inc. There is no evidence of a corporate resolution to acquire the assets of the sole proprietorship; nor is there any other evidence of a transfer of the dealership assets to the corporation. Since the assets of the sole proprietorship were never transferred to the corporation, the controverted funds belong to Richards, subject to the assignment rights of East Tennessee Farm Equipment, Inc.[9]

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 7052.

---

**6.** See Tenn.Code Ann. § 48–203 (1979).

**7.** A personal guaranty of corporate obligations would have routinely been obtained by John Deere if it had been informed of the Suburban incorporation.

**8.** See Exhibit 4 [Deleted for purposes of publication].

**9.** If a transfer to the corporation involving an interest in the proprietorship assets was effected, the interest transferred is limited to that of legal title. The evidence conclusively establishes that Richards retained the equitable interest to the proprietorship assets. Thus, Suburban Lawn and Tractor, Inc. has no equitable interest in the funds at issue. See 11 U.S.C.A. § 541(d) (1979).